## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPHERIX INCORPORATED | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| CISCO SYSTEMS, INC. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

_____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Spherix Incorporated ("Spherix") for its Complaint against Defendant Cisco Systems, Inc. ("Cisco"), hereby alleges as follows:

## THE PARTIES

1.      Spherix is a corporation duly organized and existing under the laws of the state of Delaware with a principal place of business at 7927 Jones Branch Drive, Suite 3125, Tysons Corner, VA 22102 USA.

2.      Upon information and belief, Cisco is a corporation duly organized and existing under the laws of the state of California with a principal place of business at 170 West Tamsan Drive, San Jose, CA 95134-1706.  Cisco may be served with process via its registered agent, Incorporating Services, Ltd., 3500 South DuPont Highway, Dover, DE 19901.

## JURISDICTION

3.      This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, arising from Cisco's manufacture, sale and/or offer for sale of various products, including, but not limited to, routers and switches, prior to the expiration of U.S. Patent Nos. RE40467; 6,697,325; 6,578,086; 6,222,848; 6,130,877; 5,970,125;

6,807,174; 7,397,763: 7,664,123; 7,385,998; and 8,607,323.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including at least 35 U.S.C. § 271 (a).

4.     This Court has personal jurisdiction over Cisco under the Delaware long arm statute, because Cisco has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by promoting its products and services for sale via the internet, which are accessible to and accessed by residents of this District, and because Cisco has also purposefully availed itself of the rights and benefits of the laws of the State of Delaware, having previously submitted to personal jurisdiction in and filed lawsuits in the United States District Court for the District of Delaware.  The exercise of jurisdiction over Cisco would not offend traditional notions of fair play and substantial justice.

## VENUE

5.     Cisco conducts business in this District, including providing and promoting products and services which are used, offered for sale, sold, imported into and have been purchased in Delaware, including in this judicial district.  Cisco has previously admitted that it has transacted business in this district and that venue is proper in this district.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391(b), (c) and (d) and 1400(b).

## BACKGROUND

6.     This lawsuit asserts causes of action for infringement of United States Patent Nos. RE40467; 6,697,325; 6,578,086; 6,222,848; 6,130,877; 5,970,125; 6,807,174; 7,397,763; 7,664,123; 7,385,998; and 8,607,323 (collectively, the "Asserted Patents").  All of the inventions disclosed and claimed in the Asserted Patents were conceived and created by inventors that were

working for an entity within or related to the Nortel corporate family at the time of the invention ("Nortel").

7.       During bankruptcy proceedings many years later, Nortel sold the Asserted Patents, among others, to a consortium of technology companies known as Rockstar Bidco, L.P. Based on a purchase agreement and assignment from Rockstar Consortium US LP, Plaintiff Spherix now owns the Asserted Patents, and has the exclusive right to sue for infringement and recover damages for all past, present, and future infringement.

8.       Nortel's history is inextricably intertwined with the origins of telecommunications.  Alexander Graham Bell invented the telephone in 1874, for which he received a United States Letters Patent in 1876 (U.S. Patent No. 174,465).  The Bell Telephone Company (later AT&T) was formed in 1877.  Bell Canada was formed three years later, in 1880. Nortel was formed as the manufacturing arm of Bell Canada in 1895.  In its early years, Nortel was instrumental in establishing the Canadian telecommunications industry.  By the mid-twentieth century, Nortel had matured into a global research and development powerhouse.

9.       Each of the former Nortel employees who is named as an inventor on an Asserted Patent assigned all of their rights in the respective Asserted Patent to Nortel.

10.      At its peak in 2000, Nortel had grown to more than 90,000 employees world-wide, including 35,000 in the United States, had market capitalization of nearly $300 billion and had yearly revenues approaching $30 billion.  In 2000 alone, for example, Nortel spent nearly $4 billion on research and development involving some 25,000 research and development employees world-wide, including nearly 10,000 in the United States.

11.      Nortel had offices world-wide, with over 100 locations in the United States alone.

3

12.     Nortel was an innovator in the telecommunications industry.  For example, Nortel was one of the first to envision telecommunications over fiber optics; it led the industry's move to the era of digital telecommunications; it was the first to develop a telephone with the controls in the handset rather than in the base; and it contributed to the development of numerous telecommunications standards and created core technology necessary to implement many of those standards. From 1992 through 2009, Nortel invested more than $34 billion into research and development.

13.     Nortel's substantial research and development investments , and the inventiveness of the Nortel technology professionals, directly resulted in Nortel receiving well over 6,000 active patents and patent applications covering wireless, wireless 4G, data networking, optical, voice, internet, service provider, semiconductor and other telecommunications as of July 2011. Nortel made patents a priority and its employees received bonuses for their innovations.  Each of the Asserted Patents issued as the result of the inventiveness of Nortel personnel and Nortel's significant research investment.

14.     Like many companies in the telecommunications industry, the economic and competitive pressures during the 2000s—including competition from manufacturing operations based in China—resulted in Nortel being forced to restructure, contract in size, and eventually enter bankruptcy.  By the end of 2008, Nortel's full-time-employee count had fallen below 30,000, with approximately 10,000 in the United States.  Nortel's revenues had fallen to less than $10 billion, resulting in an operating loss of greater than $2 billion.

15.     Nortel entered bankruptcy protection in 2009.  As part of the bankruptcy, Nortel sold a portion of its patent assets for an unprecedented and widely-publicized $4.5 billion — which was $1.3 billion more than the combined value of all of Nortel's business units that were

sold prior to the patent auction.  The purchasers were a consortium of leading technology companies collectively known as Rockstar Bidco, LP.  Among the assets sold to Rockstar Bidco, LP were the Asserted Patents.

16.	Nortel's bankruptcy cost more than 30,000 employees their jobs at Nortel, and left others without pension and life insurance coverage.  Employee pensions were slashed in half when Nortel could no longer meet payment obligations. Some workers lost life insurance or medical benefits when the company's self-funded programs collapsed.

17.	Rockstar Bidco, LP transferred the patents to Rockstar Consortium US, LP ("Rockstar"), an intellectual property company built on a core of former Nortel technology and business professionals.  Manyof Rockstar's employees are former Nortel employees, including former Nortel engineers, managers and attorneys.  .

18.	Plaintiff Spherix was founded in 1967 as a scientific research company. Spherix's common stock trades on the NASDAQ Capital Market system under the symbol SPEX.

19.	Historically, Spherix has focused on biotechnology research and development.  Its research has led to numerous patents and patent applications relating to diverse innovative biotechnologies such as water purification, biodegradation management, and the use of D-tagatose for food and potentially medical and environmental applications.   Spherix acquired the Asserted Patents from Rockstar.

20.	 Spherix has formed a Technology Advisory Board to identify and address market opportunities for innovative technology, including telecommunications technology.  Part of the purpose of the creation of the Technology Advisory Board is to reward and provide compensation to the inventors of the patents Spherix acquires.

21.    Defendant Cisco is the world's largest manufacturer and seller of network switches and routers.  Cisco is headquartered in San Jose, California, but has sites throughout the United States, including Boston, Massachusetts; Richardson, Texas; Research Triangle Park, North Carolina; and Lawrenceville, Georgia, and the world, including Belgium, China, France, Germany, India, Israel, Italy, Japan, Norway and the United Kingdom.

22.    On information and belief, for Cisco's fiscal year ending July 27, 2013, Cisco had revenues of over $6 billion for switching and over $3 billion for routers in the United States alone.  For the past five (5) years, ending July 27, 2013, Cisco had total revenues of over $30 billion for switching and over $13 billion for routers in the United States.  Cisco's switching and routing products represent over 60% of Cisco's revenue for each of those years.

23.    On information and belief, in 2012, Cisco controlled approximately 65% of the switches market and approximately 70% of the routing market.  For the past five (5) years, Cisco's share of these markets has consistently been greater than that of all of its competitors combined.

24.    On information and belief, Cisco's overall revenue has risen over 30% since Nortel filed for bankruptcy in 2009.

25.    On information and belief, Cisco manufactures many of its products at facilities in China and then imports those products into the United States for sale and/or distribution.

26.    The scope of Cisco's infringement of the Asserted Patents has been and continues to be immense.  The vast majority of Cisco's switching and routing revenue from March, 2008 until the present is and has been generated by products and services implementing technology that infringes the Asserted Patents.  The most recently issued Asserted Patent, U.S. Patent No. 8,607,323, does not expire until August, 2023.

27.     Cisco manufactured, sold, offered for sale and/or imported the infringing

technology with knowledge of at least some of the Asserted Patents and the relevance of those

patents to Cisco's products and services, including Cisco's infringement thereof.

## INFRINGEMENT OF U.S. PATENT NO. RE40467

28.     On August 26, 2008, United States Letters Patent No. RE40467 ("the RE467

patent") for "Method and Apparatus for Managing the Flow of Data Within a Switching Device"

was duly and legally issued to Randy Ryals, Jeffrey Prince, H. Earl Ferguson, Mike K. Noll and

Derek H. Pitcher.  All rights and interest in the RE467 patent have been assigned to Spherix.  A

true and correct copy of the RE467 patent is attached hereto as Exhibit A.

29.     Upon information and belief, Cisco has infringed and continues to infringe the

RE467 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale of

routers and switches (including, for example and without limitation, GSR12000 Series Routers)

that are covered by one or more claims of the RE467 patent.  Cisco is liable for infringement of

the RE467 patent pursuant to at least 35 U.S.C. § 271 (a).

30.     Cisco's acts of infringement have caused damage to Spherix and Spherix is

entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful

acts in an amount subject to proof at trial.  Cisco's infringement of the RE467 patent continues to

cause damage to Spherix.

31.     Upon information and belief, Cisco's infringement of the RE467 patent has been

and continues to be willful and deliberate.  As a result, Spherix is entitled to enhanced damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under

35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,697,325

32.     On February 24, 2004, United States Letters Patent No. 6,697,325 ("the '325

patent") for "System, Device, and Method for Expediting Reconvergence in a Communication

Network" was duly and legally issued to Bradley Cain.  All rights and interest in the '325 patent

have been assigned to Spherix.  A true and correct copy of the '325 patent is attached hereto as

Exhibit B.

33.     Upon information and belief, Cisco has infringed and continues to infringe the

'325 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale of

devices supporting IOS 12.0S IS-IS Incremental SPF (including, for example and without

limitation, 7000, 7200 and 7500 series routers, 10000 series edge services routers, 10720 and

12000 Internet routers), that are covered by one or more claims of the '325 patent.  Cisco is

liable for infringement of the '325 patent pursuant to at least 35 U.S.C. § 271 (a).

34.     Cisco's acts of infringement have caused damage to Spherix and Spherix is

entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful

acts in an amount subject to proof at trial.  Cisco's infringement of the '325 patent continues to

cause damage to Spherix.

35.     Cisco has had knowledge of the '325 patent and its relevance to Cisco's products

and services since at least 2007, when an examiner at the United States Patent and Trademark

Office ("PTO") rejected the then-pending claims of Cisco's U.S. Patent No. 7,428,213 under 35

U.S.C. §§ 102 and 103.  The '325 patent was also cited and applied in 2009 against the then-

pending claims of Cisco's U.S. Patent No. 7,885,179 under 35 U.S.C. §§ 102 and 103.  In

addition, Cisco has cited the '325 patent to examiners at the PTO as potentially relevant to at

least eight (8) other Cisco U.S. Patents.

36.     Upon information and belief, Cisco's infringement of the '325 patent has been

and continues to be willful and deliberate.  As a result, Spherix is entitled to enhanced damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,578,086

37.     On June 10, 2003, United States Letters Patent No. 6,578,086 ("the '086 patent") for "Dynamically Managing the Topology of a Data Network" was duly and legally issued to Joseph Regan and Alfred Nothaft.  All rights and interest in the '086 patent have been assigned to Spherix.  A true and correct copy of the '086 patent is attached hereto as Exhibit C.

38.     Upon information and belief, Cisco has infringed and continues to infringe the '086 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale of devices supporting/enabling FabricPath (including, for example and without limitation, the NEXUS Product Family), that are covered by one or more claims of the '086 patent.  Cisco is liable for infringement of the '086 patent pursuant to at least 35 U.S.C. § 271 (a).

39.     Cisco's acts of infringement have caused damage to Spherix and Spherix is entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful acts in an amount subject to proof at trial.  Cisco's infringement of the '086 patent continues to cause damage to Spherix Inc.

40.     Cisco has had knowledge of the '086 patent and its relevance to Cisco's products and services since at least 2004, when an examiner at the PTO rejected the then-pending claims of Cisco's U.S. Patent No. 7,428,213 under 35 U.S.C. § 103.  In addition, Cisco has cited the '086 patent to examiners at the PTO as potentially relevant to at least seven (7) other Cisco U.S. Patents.

41.     Upon information and belief, Cisco's infringement of the '086 patent has been and continues to be willful and deliberate.  As a result, Spherix is entitled to enhanced damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,222,848

42.     On April 24, 2001, United States Letters Patent No. 6,222,848 ("the '848 patent") for "Gigabit Ethernet Interface to Synchronous Optical Network (SONET) Ring" was duly and legally issued to Kenneth G. Hayward, Donald R. Ellis, John P. Brule and Michael C. To.  All rights and interest in the '848 patent have been assigned to Spherix.  A true and correct copy of the '848 patent is attached hereto as Exhibit D.

43.     Upon information and belief, Cisco has infringed and continues to infringe the '848 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale of devices containing software (including, for example and without limitation, the ONS 15454 Platform), that are covered by one or more claims of the '848 patent.  Cisco is liable for infringement of the '848 patent pursuant to at least 35 U.S.C. § 271 (a).

44.     Cisco's acts of infringement have caused damage to Spherix and Spherix is entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful acts in an amount subject to proof at trial.  Cisco's infringement of the '848 patent continues to cause damage to Spherix.

45.     Cisco has had knowledge of the '848 patent and its relevance to Cisco's products and services since at least 2005, when an examiner at the PTO cited the '848 patent as "pertinent" during prosecution of Cisco's U.S. Patent No. 7,031,324.  In addition, at least three (3) other examiners at the PTO have cited the '848 patent during prosecution of other Cisco patents and Cisco has cited the '848 patent to examiners as potentially relevant to still other Cisco U.S. Patents.

46.     Upon information and belief, Cisco's infringement of the '848 patent has been and continues to be willful and deliberate.  As a result, Spherix Inc. is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 6,130,877

47.     On October 10, 2000, United States Letters Patent No. 6,130,877 ("the '877 patent") for "Rate Controlled Broadcast for Activation of Entities in Large Scale Data Networks" was duly and legally issued to Peter Chi-Kin Lee.  All rights and interest in the '877 patent have been assigned to Spherix.  A true and correct copy of the '877 patent is attached hereto as Exhibit E.

48.     Upon information and belief, Cisco has infringed and continues to infringe the '877 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale of devices containing features (including, for example and without limitation, IOS OSPF Flood and Group Pacer), that are covered by one or more claims of the '877 patent.  Cisco is liable for infringement of the '877 patent pursuant to at least 35 U.S.C. § 271 (a).

49.     Cisco's acts of infringement have caused damage to Spherix and Spherix is entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful acts in an amount subject to proof at trial.  Cisco's infringement of the '877 patent continues to cause damage to Spherix.

50.     Upon information and belief, Cisco's infringement of the '877 patent has been and continues to be willful and deliberate.  As a result, Spherix is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 5,970,125

51.     On October 19, 1999, United States Letters Patent No. 5,970,125  ("the '125 patent") for "Method, System and Apparatus for Causing Customer Premises Equipment to Automatically Call a Telecommunications Server" was duly and legally issued to Anthony Hamilton Smith, Jacques Pierre LaPointe and Kevin Peter Morris.  All rights and interest in the '125 patent have been assigned to Spherix.  A true and correct copy of the '125 patent is attached hereto as Exhibit F.

52.     Upon information and belief, Cisco has infringed and continues to infringe the '125 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale IP telephony devices (including, for example and without limitation, Cisco Small Business IP Telephony Devices), that are covered by one or more claims of the '125 patent.  Cisco is liable for infringement of the '125 patent pursuant to at least 35 U.S.C. § 271 (a). Cisco's acts of infringement have caused damage to Spherix and Spherix is entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful acts in an amount subject to proof at trial.  Cisco's infringement of the '125 patent continues to cause damage to Spherix.

53.     Upon information and belief, Cisco's infringement of the '125 patent has been and continues to be willful and deliberate.  As a result, Spherix is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,807,174

54.     On October 19, 2004, United States Letters Patent No. 6,807,174 ("the '174 patent") for "Method and Apparatus for Transporting DS-X Signals Through a Packet Network" was duly and legally issued to Greg M. Bernstein, Premal Desai and Jeffrey T. Gullicksen.  All

rights and interest in the '174 patent have been assigned to Spherix.  A true and correct copy of the '174 patent is attached hereto as Exhibit G.

55.     Upon information and belief, Cisco has infringed and continues to infringe the '174 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale of devices (including, for example and without limitation, MGX 8880 Media Gateway), that are covered by one or more claims of the '174 patent.  Cisco is liable for infringement of the '174 patent pursuant to at least 35 U.S.C. § 271 (a).

56.     Cisco's acts of infringement have caused damage to Spherix and Spherix is entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful acts in an amount subject to proof at trial.  Cisco's infringement of the '174 patent continues to cause damage to Spherix.

57.     Upon information and belief, Cisco's infringement of the '174 patent has been and continues to be willful and deliberate.  As a result, Spherix is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,397,763

58.     On July 8, 2008, United States Letters Patent No. 7,397,763 ("the '763 patent") for "Admissions Control in a Connectionless Communications Network" was duly and legally issued to Patrick Bradd.  All rights and interest in the '763 patent have been assigned to Spherix.  A true and correct copy of the '763 patent is attached hereto as Exhibit H.

59.     Upon information and belief, Cisco has infringed and continues to infringe the '763 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale of devices containing software (including, for example and without limitation, the Cisco Unified

Communications Manager), that infringe one or more claims of the '763 patent. Cisco is liable for infringement of the '763 patent pursuant to at least 35 U.S.C. § 271 *et seq*.

60.    Cisco's acts of infringement have caused damage to Spherix and Spherix is entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful acts in an amount subject to proof at trial. Cisco's infringement of the '763 patent continues to cause damage to Spherix.

61.    Upon information and belief, Cisco's infringement of the '763 patent has been and continues to be willful and deliberate. As a result, Spherix is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,664,123

62.    On February 16, 2010, United States Letters Patent No. 7,664,123 ("the '123 patent") for "Generalized Virtual Router" was duly and legally issued to Peter Ashwood Smith, Hamid Ouid-Brahim, Bilel Jamoussi and Donald Fedyk. All rights and interest in the '123 patent have been assigned to Spherix. A true and correct copy of the '123 patent is attached hereto as Exhibit I.

63.    Upon information and belief, Cisco has infringed and continues to infringe the '123 patent. The infringing acts include at least the manufacture, sale and/or offer for sale of devices containing software (including, for example and without limitation, the Cisco CRS-X product family with IOS XR software and devices containing Cisco's FabricPath architecture), that infringe one or more claims of the '123 patent. Cisco is liable for infringement of the '123 patent pursuant to at least 35 U.S.C. § 271 (a).

64.    Cisco's acts of infringement have caused damage to Spherix and Spherix is entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful

acts in an amount subject to proof at trial.  Cisco's infringement of the '123 patent continues to cause damage to Spherix.

65.    Upon information and belief, Cisco's infringement of the '123 patent has been and continues to be willful and deliberate.  As a result, Spherix is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,385,998

66.    On June 10, 2008, United States Letters Patent No. 7,385,998 ("the '998 patent") for "Method and Apparatus for Encapsulating Services for Transportation Over Metallic Physical Mediums" was duly and legally issued to Guo-Qiang Wang.  All rights and interest in the '998 patent have been assigned to Spherix.  A true and correct copy of the '998 patent is attached hereto as Exhibit J.

67.    Upon information and belief, Cisco has infringed and continues to infringe the '998 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale of devices containing software (including, for example and without limitation, the ONS 15454 Platform), that are covered by one or more claims of the '998 patent.  Cisco is liable for infringement of the '998 patent pursuant to at least 35 U.S.C. § 271 (a).

68.    Cisco's acts of infringement have caused damage to Spherix and Spherix is entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful acts in an amount subject to proof at trial.  Cisco's infringement of the '998 patent continues to cause damage to Spherix.

69.    Upon information and belief, Cisco's infringement of the '998 patent has been and continues to be willful and deliberate.  As a result, Spherix  is entitled to enhanced damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 8,607,323

70.     On December 10, 2013, United States Letters Patent No. 8,607,323 ("the '323 patent") for "Method for Providing Media Communication Across Firewalls" was duly and legally issued to Wei Yuan.  All rights and interest in the '323 patent have been assigned to Spherix.  A true and correct copy of the '323 patent is attached hereto as Exhibit K.

71.     Upon information and belief, Cisco has infringed and continues to infringe the '323 patent.  The infringing acts include at least the manufacture, sale and/or offer for sale of devices (including, for example and without limitation, the 7600 Series Session Border Controller), that are covered by one or more claims of the '323 patent.  Cisco is liable for infringement of the '323 patent pursuant to at least `35 U.S.C. § 271 (a).

72.     Cisco's acts of infringement have caused damage to Spherix and Spherix is entitled to recover from Cisco the damages sustained by Spherix as a result of Cisco's wrongful acts in an amount subject to proof at trial.  Cisco's infringement of the '323 patent continues to cause damage to Spherix.

**73.**     Upon information and belief, Cisco's infringement of the '323 patent has been and continues to be willful and deliberate.  As a result, Spherix is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Spherix prays for judgment and seeks relief against Cisco as follows:

(a)     For judgment that the claims of the RE467 patent have been and/or continue to be infringed by Cisco;

(b)     For judgment that the claims of the '325 patent have been and/or continue to be infringed by Cisco;

(c)     For judgment that the claims of the '086 patent have been and/or continue to be infringed by Cisco;

(d)     For judgment that the claims of the '848 patent have been and/or continue to be infringed by Cisco;

(e)     For judgment that the claims of the '877 patent have been and/or continue to be infringed by Cisco;

(f)     For judgment that infringement of the claims of the '125 patent have been and/or continue to be infringed by Cisco;

(g)     For judgment that infringement of the claims of the '174 patent have been and/or continue to be infringed by Cisco;

(h)     For judgment that the claims of the '763 patent have been and/or continue to be infringed by Cisco;

(i)     For judgment that the claims of the '123 patent have been and/or continue to be infringed by Cisco;

(j)     For judgment that the claims of the '998 patent have been and/or continue to be infringed by Cisco;

(k)     For judgment that the claims of the '323 patent have been and/or continue to be infringed by Cisco;

(l)     For an accounting of all damages sustained by Spherix as the result of Cisco's acts of infringement;

(m)     For actual damages together with, prejudgment and post-judgment interest, and post-judgment royalties, according to proof;

(n)     For enhanced damages pursuant to 35 U.S.C. § 284;

(o)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(p)     For all costs of suit; and

(q)     For such other and further relief as the Court may deem just and proper.

Date: March 28, 2014                    Respectfully submitted**:**

                                        */s/ Damien Nicholas Tancredi*
                                        By: _____
                                        Damien Nicholas Tancredi (DE No. 5395)
                                        **COZEN O'CONNOR**
                                        1201 North Market Street
                                        Suite 1001
                                        Wilmington, DE 19801
                                        Tel: (302) 295-2000
                                        Fax: (302) 295-2013
                                        Email: dtancredi@cozen.com

                                        Kerry B. McTigue
                                        Barry Golob
                                        Donald R. McPhail
                                        **COZEN O'CONNOR**
                                        The Army and Navy Building
                                        1627 I Street, NW, Suite 1100
                                        Washington, D.C. 20006
                                        Tel: (202) 912-4800
                                        Fax: (202) 861-1905
                                        Email: kmctigue@cozen.com
                                        Email: bgolob@cozen.com
                                        Email: dmcphail@cozen.com

                                        *Attorneys for Plaintiff Spherix Inc.*