IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOCKSTAR TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-2020 (SLR) (SRF) |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BOCKSTAR TECHNOLOGIES LLC, | ) | |
| CONSTELLATION TECHNOLOGIES LLC, | ) | |
| ROCKSTAR CONSORTIUM US LP, and | ) | |
| SPHERIX INCORPORATED, | ) | |
| | ) | |
| Counterclaim-Defendants. | ) | |
| SPHERIX INCORPORATED and | ) | |
| NNPT, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-393 (SLR) |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CISCO SYSTEMS, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO CONSOLIDATE**

OF COUNSEL:

John M. Desmarais
Paul Bondor
Michael P. Stadnick
Jonas R. McDavit
Ameet A. Modi
Karim Z. Oussayef
Dustin F. Guzior
Alex Henriques
Edward Terchunian
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*Attorneys for Counterclaim-Plaintiff Cisco Systems, Inc.* (C.A. No. 13-2020 (SLR) (SRF))

OF COUNSEL:

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Adam Alper
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400

*Attorneys for Defendant Cisco Systems, Inc.* (C.A. No. 14-393 (SLR))

March 6, 2015

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Cisco Systems, Inc.*

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDING ................................................................... 1

SUMMARY OF THE ARGUMENT .................................................................................... 2

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT .................................................................................................................. 4

    I.    Cisco's Claims Regarding Spherix's Patent Assertions and Licensing Activities In The Bockstar Litigation Should Be Consolidated With The 393 Litigation. ........... 4

CONCLUSION ................................................................................................................ 7

Case 1:14-cv-00393-SLR Document 24 Filed 03/06/15 Page 3 of 13 PageID #: 592

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Eastman Chemical Co. v. AlphaPet, Inc.*,
   Civ. Action Nos. 09–971–LPS–CJB, 11–702–LPS,
   2011 WL 7121180 (D. Del. Dec. 29, 2011) ............................................................... 4, 5, 6, 7

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*,
   339 F.2d 673 (3d Cir. 1964) ................................................................................................5

*Rohm & Haas Co. v. Mobil Oil Corp.*,
   525 F. Supp. 1298 (D. Del. 1981) ........................................................................................5

**Statutes**

Fed. R. Civ. P. 42 ..............................................................................................................................4

## NATURE AND STAGE OF THE PROCEEDING

This motion concerns the consolidation of claims pending in two actions before this Court (C.A. Nos. 13-2020-SLR-SRF and 14-393-SLR) involving the same parties—Cisco Systems, Inc. ("Cisco") and Spherix Incorporated ("Spherix"). Although C.A. No. 13-2020 began as a larger action involving additional parties and claims, only a handful of claims between Cisco and Spherix remain. Because those remaining claims overlap with Spherix's claims against Cisco in C.A. 14-393, Cisco proposed to Spherix that the claims be consolidated into a single action. Spherix objected to Cisco's proposal and instead asserts that these claims should proceed in two separate actions, despite the overlap in issues. Spherix has thus far provided no justification for proceeding in this manner. The procedural status of these two actions is as follows.

C.A. No. 13-2020

Bockstar Technologies LLC ("Bockstar") commenced C.A. No. 13-2020-SLR-SRF (the "Bockstar Litigation") on December 11, 2013, alleging that Cisco Systems, Inc. ("Cisco") infringes six U.S. patents. D.I. 1. Cisco filed its first responsive pleading on January 31, 2014, answering Bockstar's complaint and counterclaiming against Bockstar, Constellation Technologies LLC ("Constellation"), and Rockstar Consortium US LP ("Rockstar"). D.I. 7. Spherix then acquired two of the patents that were at issue in Cisco's answer and counterclaims. Cisco subsequently filed an amended answer, including counterclaims against Spherix related to Spherix's patent assertions and licensing activities. D.I. 31. Cisco has settled all claims with Bockstar, Rockstar, and Constellation and this Court granted joint motions to dismiss (D.I. 118, 119), leaving the claims by Cisco against Spherix as the only remaining claims. Cisco thereafter voluntarily dismissed without prejudice its two claims for declaratory judgment of non-infringement. D.I. 122. The remaining claims by Cisco against Spherix therefore include six

1

claims related to Spherix's licensing activities (counts 42, 43, 56, 57, 70, and 71) and one claim of unfair competition under Delaware law (count 93).

<u>C.A. No. 14-393</u>

In another case pending in this Court, C.A. No. 14-393-SLR (the "393 Litigation"), Spherix and its wholly owned subsidiary NNPT, LLC (collectively, "Spherix") have asserted eleven patents against Cisco.[1]  Thus, like the claims in the Bockstar Litigation, the claims asserted in the 393 Litigation involve Spherix's patent assertions and licensing activities, and will also be subject to counterclaims by Cisco when it does answer.

Accordingly, Cisco moves to consolidate its claims concerning Spherix's patent assertions and licensing activities in the Bockstar Litigation with the 393 Litigation.  Should this Court grant Cisco's motion, the result will be a single action between Cisco and Spherix involving Spherix's patents and licensing activities, and the Bockstar Litigation can be closed.

**SUMMARY OF THE ARGUMENT**

1.      Now that all other parties and claims have been dismissed, the Bockstar Litigation involves only claims by Cisco against Spherix involving Spherix's patent assertions and licensing activities.  The 393 Litigation, another case before this Court, involves eleven Spherix patents asserted against Cisco.

2.      These two cases concern common questions of law and fact.  Both cases involve Spherix's assertion of patents and licensing activities.  Cisco's counterclaims in the Bockstar Litigation allege that Spherix has violated obligations to license its patents allegedly covering standardized technologies under certain terms and that Spherix has asserted its patents in bad faith.  In the 393 Litigation, Spherix is asserting its patents in hopes of achieving a patent license,

---

[1]      Cisco has filed a motion to dismiss certain claims and has not yet answered.

2

and thus Spherix's licensing and assertion conduct is also at issue. Additionally, Spherix has alleged that at least one patent is necessary to practice a standard, implicating its licensing obligations relating to standardized technologies. Due to these and other factual overlaps between the claims, these cases should be consolidated.

3. Additionally, the two cases have overlapping parties and will almost certainly have overlapping documents and witnesses, and therefore consolidation would prevent duplicative discovery. Neither case has a scheduling order and both cases are in the pleading stage, and thus no inconvenience, delay, or expense would result from consolidation.

## STATEMENT OF FACTS

C.A. No. 13-2020

In the Bockstar Litigation on February 2, 2015, this Court dismissed all claims between Cisco, Bockstar, Rockstar, and Constellation pursuant to joint motions of the parties. *See* D.I. 118 and 119. On March 6, 2015, Cisco voluntarily dismissed without prejudice its two claims for declaratory judgment of non-infringement. D.I. 122. The remaining claims by Cisco against Spherix in the Bockstar Litigation are:

1. two claims for breach of contract with the IEEE to license U.S. Patent Nos. 5,959,990 ("the '990 Patent") and RE40,999 ("the '999 Patent") on fair and/or reasonable and non-discriminatory ("F/RAND") terms (counts 42 and 43);

2. two claims for breach of covenant of good faith and fair dealing implied in contract with the IEEE to license the '990 and '999 Patents on F/RAND terms (counts 56 and 57);

3. two claims for declaratory judgments to license the '990 and '999 Patents on F/RAND or royalty-free terms (counts 70 and 71); and

      4.     one claim of unfair competition in violation of Delaware law based on Spherix's accusations against Cisco's customers (count 93).

D.I. 31. Spherix moved to dismiss these claims on August 25, 2014 and has not yet answered Cisco's counterclaims. D.I. 75.

    C.A. No. 14-393

In a separate action, Spherix sued Cisco alleging infringement of eleven patents purportedly owned by Spherix (hereinafter "the 393 Litigation"). D.I. 1. In its First Amended Complaint in the 393 Litigation, Spherix identified one patent—U.S. Patent No. 6,222,848—as being infringed by practicing the IEEE 802.17 standard. D.I. 15 ¶¶ 46, 49-51. Although Cisco has moved to dismiss certain claims and has not yet filed an Answer in the 393 Litigation, when it does, Cisco intends to allege that Spherix has violated its F/RAND obligations based on proceedings before the IEEE. Cisco also believes that other patents asserted in the 393 Litigation are related to standards promulgated by the IEEE and other standards organizations, and that Spherix's licensing activities similarly violate its F/RAND obligations based upon those other patents and standards organizations.

## ARGUMENT

**I. CISCO'S CLAIMS REGARDING SPHERIX'S PATENT ASSERTIONS AND LICENSING ACTIVITIES IN THE BOCKSTAR LITIGATION SHOULD BE CONSOLIDATED WITH THE 393 LITIGATION.**

Federal Rule of Civil Procedure 42 provides that a court may consolidate actions when they "involve a common question of law or fact." Fed. R. Civ. P. 42. A court has "broad authority to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would 'facilitate the administration of justice.'" *Eastman Chemical Co. v. AlphaPet, Inc.*, Civ. Action Nos. 09–971–LPS–CJB, 11–702–LPS, 2011 WL 7121180, at *2 (D. Del. Dec. 29, 2011) (quoting *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d

4

673, 675 (3d Cir. 1964)). In considering a motion to consolidate, a court must "balance any savings of time and effort gained through consolidation against any 'inconvenience, delay, or expense' that may result." *Id.* (quoting *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981)).

The Bockstar Litigation and the 393 Litigation involve common questions of both law and fact. For example, both cases involve Spherix's licensing activities, including Spherix's licensing activities specifically as they relate to IEEE standards. Spherix's dealings with the IEEE, including obligations Spherix or its predecessors undertook to license patents on F/RAND terms, are at issue in both cases. These factual and legal issues are part of the Bockstar Litigation based on Cisco's counterclaims and are part of the 393 Litigation based on Spherix's allegations that the '848 Patent is necessary to practice an IEEE standard. *See* C.A. No. 14-393, D.I. 15 ¶¶ 46, 49-51.

The patents subject to Cisco's counterclaims in the Bockstar Litigation and to Spherix's infringement allegations in the 393 Litigation were all allegedly acquired by Spherix from Rockstar, and were all previously owned by Nortel. Accordingly, the activities of both Nortel and Rockstar will be relevant to determining Spherix's licensing obligations, whether it has has violated its licensing obligations, and whether it has asserted patents in bad faith. Judicial economy would be served by requiring the parties to pursue these facts in one consolidated litigation. Moreover, any motions for legal determinations on these issues would benefit from consolidation by avoiding multiple motions in different litigations of factually and legally similar disputes.

Consolidation would facilitate the administration of justice. As an initial matter, the two cases have nearly identical parties. *See Eastman Chemical*, 2011 WL 7121180, at *4 ("[T]his

Court has generally examined whether there are overlapping parties . . . ."). Although NNPT, LLC is a party in only the 393 Litigation, it is a wholly-owned subsidiary of Spherix and appears to be exclusively in the business of asserting Spherix's patents. Indeed, NNPT was added to the 393 Litigation after it was filed because it allegedly acquired ownership interests in certain patents from Spherix after the 393 Litigation was filed. C.A. No. 14-393-SLR, D.I. 15 (adding NNPT as a plaintiff). This Court has consolidated actions where the parties were not identical when there was still a substantial relationship between the parties in both actions. *See Eastman Chemical*, 2011 WL 7121180, at *4 (holding that although two actions differed by one plaintiff, the difference was due to a subsequent transfer of patent rights and did "not diminish the relatedness among the plaintiffs in both actions").

Consolidation is also appropriate because of the high likelihood of overlapping witnesses and documents between the two actions. *See id.* ("[T]his Court has generally examined whether there are overlapping . . . witnesses and documents between the actions . . . ."). Documents and witnesses from Spherix involving Spherix's alleged acquisition of its patents, its decision to assert its patents, its decision regarding which entities to assert its patents against, and its licensing activities will all be at issue in both cases. Without consolidation, the parties would be required to coordinate multiple aspects of discovery across the two cases, and may end up requiring multiple depositions of a single witness and may duplicate other forms of discovery.

Consolidation will also save the Court and parties substantial time and effort and will result in no inconvenience, delay, or expense. Both cases are still in the pleading stage: Spherix has not yet answered Cisco's counterclaims in the Bockstar Litigation, and Cisco has not yet answered Spherix's claims in the 393 Litigation. Further, there is no scheduling order in either case. By consolidating the actions at this point, the Court and parties will benefit from

6

consolidated discovery that covers all relevant patent assertions and licensing activities by Spherix, rather than conducting this discovery piecemeal in the two different litigations. *Id.* at \*5 ("It will be more efficient and expeditious to coordinate deposition testimony and document discovery issues (and to adjudicate any disputes that arise regarding those topics) in consolidated cases, which will proceed on the same schedule.").

## CONCLUSION

For the reasons stated above, this Court should grant Cisco's motion and consolidate Cisco's remaining claims against Spherix in C.A. No. 13-2020-SLR-SRF (counts 42, 43, 56, 57, 70, 71, and 93) with C.A. No. 14-393-SLR.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

John M. Desmarais
Paul Bondor
Michael P. Stadnick
Jonas R. McDavit
Ameet A. Modi
Karim Z. Oussayef
Dustin F. Guzior
Alex Henriques
Edward Terchunian
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Cisco Systems, Inc.*

*Attorneys for Counterclaim-Plaintiff Cisco Systems, Inc.* (C.A. No. 13-2020 (SLR) (SRF))

OF COUNSEL:

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Adam Alper
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400

*Attorneys for Defendant Cisco Systems, Inc.*
(C.A. No. 14-393 (SLR))

March 6, 2015

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 6, 2015, upon the following in the manner indicated:

Joseph J. Bellew, Esquire                  *VIA ELECTRONIC MAIL*
COZEN O'CONNOR
1201 North Market Street, Suite 1001
Wilmington, DE 19801
*Attorney for Counterclaim-Defendant Spherix Incorporated* (C.A. No. 13-2020 (SLR) (SRF))

*Attorney for Plaintiff Spherix Incorporated*
(C.A. No. 14-393 (SLR))

Walter E. Hanley, Jr.                      *VIA ELECTRONIC MAIL*
John R. Kenny
Lewis V. Popovski
Mark A. Hannemann
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Telephone: 212.425.7200
Facsimile: 212.425.5288
*Attorneys for Counterclaim-Defendant Spherix Incorporated* (C.A. No. 13-2020 (SLR) (SRF))

Kerry B. McTigue, Esquire             *VIA ELECTRONIC MAIL*
Barry Golob, Esquire
Donald R. McPhail, Esquire
COZEN O'CONNOR
The Army and Navy Building
1627 I Street, NW, Suite 1100
Washington, DC 20006
*Attorneys for Plaintiff Spherix Incorporated*
(C.A. No. 14-393 (SLR))

                                         */s/ Jack B. Blumenfeld*
                                         Jack B. Blumenfeld (#1014)