IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF DELAWARE

| | |
|---|---|
| BOCKSTAR TECHNOLOGIES LLC,<br><br> Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br> Defendant.<br><br>CISCO SYSTEMS, INC.,<br><br> Counterclaim-Plaintiff,<br><br>v.<br><br>BOCKSTAR TECHNOLOGIES LLC,<br>CONSTELLATION TECHNOLOGIES LLC,<br>ROCKSTAR CONSORTIUM US LP, and<br>SPHERIX INCORPORATED<br><br> Counterclaim-Defendants. | Civil Action No. 13-2020-SLR-SRF |
| SPHERIX INCORPORATED and<br>NNPT, LLC,<br><br> Plaintiffs,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br> Defendant. | Civil Action No. 14-393-SLR |

**DEFENDANT SPHERIX INCORPORATED'S OPPOSITION
TO CISCO SYSTEMS, INC.'S MOTION TO CONSOLIDATE**

LEGAL\22466312\1

# Table of Contents

I. INTRODUCTION .................................................................................................................. 1

II. THE NATURE AND STAGE OF THE PROCEEDINGS.................................................... 1

III. SUMMARY OF THE ARGUMENT ..................................................................................... 2

IV. CONCISE STATEMENT OF FACTS .................................................................................. 3

V. ARGUMENT.......................................................................................................................... 3

    A. Cisco's Counterclaims Should Be Dismissed........................................................ 3

    B. Fed R. Civ. P. 42(A) Factors Weigh Against Consolidation ................................. 4

        1. There Is Minimal, If Any, Overlap Between Two Actions ....................... 5

        2. Consolidation Would Confuse Issues And Prejudice Spherix.................... 6

VI. CONCLUSION....................................................................................................................... 7

LEGAL\22466312\1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atkinson v. Roth,*
  297 F.2d 570 (3d Cir. 1961) ............................................................................................. 5

*Carnegie-Mellon Univ. v. Cohill,*
  484 U.S. 343 (1988) .......................................................................................................... 4

*Eastman Chemical Co. v. AlphaPet, Inc.,*
  C.A. Nos. 09–971–LPS–CJB, 11–702–LPS,
  2011 WL 7121180 (D. Del. Dec. 29, 2011) ..................................................................... 5

*Hedges v. Musco,*
  204 F.3d 109 (3rd Cir. 2000) ............................................................................................ 4

*In re: Constellation Techs. LLC Patent Litig.,*
  38 F.Supp.3d 1392 (J.P.M.L. 2014) ................................................................................. 5

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.,*
  149 F.R.D. 65 (D.N.J. 1993) ......................................................................................... 6, 7

*Nowak v. Ironworkers Local 6 Pension Fund,*
  81 F.3d 1182 (2d Cir. 1996) ............................................................................................. 4

*Syngenta Seeds, Inc. v. Monsanto Co.,*
  No. C.A. 02–1331–SLR, 2004 WL 2002208
  (D. Del. Aug. 27, 2004) ................................................................................................ 5, 7

*Textile Prods., Inc. v. Mead Corp.,*
  134 F.3d 1481 (Fed. Cir. 1998) ........................................................................................ 4

**Statutes**

28 U.S.C. § 1367(c) .................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 42(a) ..................................................................................................... 2, 4, 5, 6

## I. INTRODUCTION

Counterclaim-Defendant Spherix Incorporated ("Spherix") opposes Cisco Systems, Inc. ("Cisco") request for consolidation of civil action No. 13-2020-SLR-SRF ("Case 2020") with civil action No. 14-393-SLR ("Case 393") in which Spherix is the plaintiff. Case 393 is a patent-infringement action over eleven of Spherix's patents. The remaining claims in Case 2020 are Cisco's state-law counterclaims directed to Spherix's licensing activities related to Spherix's patents that are not asserted in the 393 case. Consolidation of the two actions is not appropriate because this Court never had subject-matter jurisdiction over Cisco's counterclaims against Spherix in Case 2020 and should dismiss—not consolidate—them. Consolidation is also not appropriate because Cisco's counterclaims in Case 2020 involve very few, if any, common questions of law or fact with Case 393, and because it would not serve the interests of judicial economy or efficiency, but would confuse the jury. For these reasons, Cisco's motion should be denied.

## II. THE NATURE AND STAGE OF THE PROCEEDINGS

Bockstar Technologies LLC sued Cisco for infringement of Bockstar patents on December 11, 2013. (Case 1:13-cv-02020-SLR, D.I. 1.) On June 6, 2014, Cisco filed its Amended Answer and Counterclaims (*Id.*, D.I. 31), seeking, among other things, a declaration of non-infringement of two of Spherix's patents, U.S. Patent Nos. 5,959,990 and RE40,999 ("the Frantz patents"). (*Id.*, D.I. 31, Counts 11, 28.) Cisco also included several state-law counterclaims directed to Spherix's licensing activities regarding the Frantz patents (*Id.*, D.I. 31, Counts 42-43, 56-57, 70-71, and 93). Spherix filed a motion to dismiss Cisco's counterclaims for lack of subject matter jurisdiction, which has been fully briefed and argued on October 8,

1

2014 (*Id.*, D.I. 75-77, 82-84, 91), but did not file an answer or otherwise participate in this action. On March 6, 2015, Cisco voluntarily dismissed its claims against Spherix for declaratory judgment of non-infringement of the Frantz patents, leaving only the state-law contract claims. (*Id.*, D.I. 122.) Spherix's motion to dismiss those counterclaims remains pending.

On March 28, 2014, Spherix filed an unrelated patent-infringement action against Cisco for infringement of eleven of Spherix's patents. (Case no. 1:14-cv-00393-SLR, D.I. 1, 15). Cisco has now moved to consolidate the two actions. (Case no. 1:14-cv-00393-SLR, D.I. 23; Case no. 1:13-cv-02020-SLR, D.I. 123).

## III. SUMMARY OF THE ARGUMENT

1. This Court should decide Spherix's motion to dismiss in Case 2020 before addressing Cisco's motion to consolidate.

2. This Court never had subject-matter jurisdiction over Cisco's declaratory-judgment counterclaims in Case 2020, and therefore it lacks supplemental jurisdiction over the state-law claims remaining in this case.

3. Even if this Court decides that it had original jurisdiction over Cisco's declaratory-judgment claims, it should exercise its discretion and dismiss the ancillary state-law claims now that the declaratory-judgment claims are gone.

4. Even if Spherix's motion to dismiss Cisco's counterclaims in Case 2020 is denied and the Court uses its discretion to exercise jurisdiction over the supplemental state-law claims, consolidation with Case 393 is not appropriate.

5. Consolidation with Case 393 is not appropriate because the two sets of claims do not meet the "common questions of law or fact" standard set out in Fed. R. Civ. P. 42(a) as they relate to different sets of patents and involve different legal issues.

2

6. Consolidation with Case 393 is also not appropriate because it would achieve little, if any, judicial economy, but set up jury confusion given the profusion of different patents and different licensing obligations and behaviors.

## IV. CONCISE STATEMENT OF FACTS

In Case No. 2020, the original parties have settled and Cisco has dismissed its declaratory-judgment patent-infringement claims against Spherix. (Case 1:13-cv-02020-SLR, D.I. 118, 119, 122.) Only state-law contract counterclaims against Spherix remain pending in that case. (*Id.*, D.I. 31, 123.) Spherix has moved to dismiss these counterclaims in August 2014 for lack of subject-matter jurisdiction, and this motion is still pending. (*Id.*, D.I. 75-77, 91, 121.)

In Case No. 393, Plaintiffs Spherix and NNPT accuse Cisco of willful infringement of eleven patents. (Case 1:13-cv-0393-SLR, D.I. 1, 15.) The Frantz patents are not among the eleven patents asserted in that case, and none of the eleven patents are from the same family or relate to the same technology as the Frantz patents. (*Id.*) Cisco has not alleged that Spherix violated its licensing obligations with respect to the patents involved in Case 393. (*See Id.*, D.I. 17, 18.)

## V. ARGUMENT

### A. Cisco's Counterclaims Should Be Dismissed

Spherix has already moved to dismiss all of the counterclaims in *Bockstar v. Cisco* case for lack of subject matter jurisdiction, which has been fully briefed and argued (Case 1:13-cv-02020-SLR, D.I. 75-77). Spherix argued that this Court lacked subject-matter jurisdiction over Cisco's declaratory-judgment counterclaims and supplemental state-law claims. *Id.* Because there was never a subject-matter jurisdiction over Cisco's declaratory-judgment counterclaims,

this Court lacks supplemental jurisdiction over the remaining claims and must dismiss them. *See* 28 U.S.C. § 1367(a); *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1485-1486 (Fed. Cir. 1998) (holding that district court lacked supplemental jurisdiction over breach of contract claims after dismissing patent infringement claim for lack of subject matter jurisdiction); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (courts "cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction").

But even if this Court decides that it had original jurisdiction over Cisco's declaratory-judgment claims, it nevertheless should exercise its discretion and dismiss the ancillary state-law claims now that the declaratory-judgment claims are gone. *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (superseded on other grounds) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("This Court has recognized that, where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (internal quotations omitted).

Therefore, the court should not even consider the motion to consolidate until after it decides the motion to dismiss.

### B. Fed R. Civ. P. 42(A) Factors Weigh Against Consolidation

Even if Spherix's motion to dismiss is denied, and the Court decides to exercise its discretion and retain jurisdiction over the state-law counterclaims, the Court should still deny consolidation because (i) the two sets of claims do not meet the "common question of law or

4

fact" standard for consolidation set out in Fed. R. Civ. P. 42(a) as they relate to different patents and involve diverse legal issues, and (ii) consolidation would set up jury confusion given the profusion of different patents and different licensing obligations and behaviors. *See, e.g., Atkinson v. Roth*, 297 F.2d 570, 575 (3d Cir. 1961); *Syngenta Seeds, Inc. v. Monsanto Co.*, No. C.A. 02–1331–SLR, 2004 WL 2002208, at *2 (D. Del. Aug. 27, 2004).

### 1. There Is Minimal, If Any, Overlap Between Two Actions

The two actions do not involve a common question of law or fact; therefore, under Fed. R. Civ. P. 42(a), consolidation is improper. Cisco's breach of contract counterclaims relate to the Frantz patents, which relate to VLAN technology (IEEE Standard 802.1Q). None of the eleven patents asserted in the patent infringement action are part of the Frantz family, relate to the same Standard or even to the same VLAN technology. The patents thus do not provide any common issues of fact. Cisco's sole example of an alleged common question of law and fact between the two cases is Spherix's licensing activities, "including Spherix's licensing activities specifically as they relate to IEEE standards." (Case 1:13-cv-02020-SLR, D.I. 124 at 5.) However, Spherix's complaint in Case 393 does not rely on or mention its licensing activities, and Cisco did not assert any licensing defenses in that case. (Case 1:13-cv-0393-SLR, D.I. 15, 17, 18.) Licensing issues therefore will not present a common question of law and fact. *See In re Constellation Techs. LLC Patent Litig.*, 38 F.Supp.3d 1392, 1393 (J.P.M.L. 2014) ("Licensing issues... will necessarily differ from patent to patent and, thus, from action to action.").

Cisco relies heavily on *Eastman Chemical* in support of its consolidation request. (Case 1:13-cv-02020-SLR, D.I. 124 at 4–7, citing *Eastman Chemical Co. v. AlphaPet, Inc.*, C.A. Nos. 09–971–LPS–CJB, 11–702–LPS, 2011 WL 7121180 (D. Del. Dec. 29, 2011).) In that case, however, the two consolidated actions involved patent-infringement claims over patents from the

5

same family, related to the same technology, and asserted against the technology used at the same manufacturing plant of defendant. *Eastman Chemical,* 2011 WL 7121180 at *3–4. In contrast, the claims here involve completely separate legal issues pertaining to unrelated patents from different technology fields. Cisco has failed to demonstrate that the two actions involve a common question of law or fact as required for consolidation under Fed. R. Civ. P. 42(a).

### 2. Consolidation Would Confuse Issues And Prejudice Spherix

Consolidation of the two completely unrelated groups of claims into a single action would lead to confusion, not efficiency. Cisco's allegation to the contrary, which it fails to support with specific examples of efficiencies that would be achieved, is unavailing. Discovery in Case 393 will likely involve identifying the accused products, determining infringement, patentability and validity of each asserted patent, and calculating damages. None of this discovery is relevant to the breach of contract state-law claims in Case 2020. Conversely, discovery in Case 2020 will focus on Spherix contractual obligations regarding FRAND licensing of Frantz patents, the alleged breach, and Spherix-Cisco interactions with respect to these patents. Again, Cisco did not allege any licensing defenses in Case 393, thus such discovery would not be relevant for the patent-infringement claims there. *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993) (denying consolidation because it would "result in delay and in confusion of the relevant factual issues in each case").

The only potential discovery overlap identified by Cisco implicates Spherix's documents and witnesses related to Spherix's acquisition, assertion and licensing of its patents. (Case 1:13-cv-02020-SLR, D.I. 124 at 6.) But Spherix's licensing activities concern two different patent groups in the two cases (the Frantz patents and the patents asserted against Cisco), so the issues will differ. *See In re Constellation*, 38 F. Supp. 3d at 1393 ("Licensing issues. . . will

necessarily differ from patent to patent and, thus, from action to action."). Moreover, if the motion to dismiss is denied, both cases proceed forward, and any overlap in discovery arises (for example, if the same witnesses were to testify about Spherix's licensing activities in both cases), the parties who are represented by experienced firms are perfectly capable of coordinating such discovery. *See, e.g., Liberty Lincoln*, 149 F.R.D. at 82 n.29 (denying consolidation but coordination of discovery could be addressed as need arises).

Consolidation of all claims into a single action will complicate issues and create confusion at trial, thereby prejudicing Spherix. "Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues." *Liberty Lincoln*, 149 F.R.D. at 81 (internal citations omitted); *see also Syngenta Seeds*, 2004 WL 2002208, at *2 (D. Del. Aug. 27, 2004) (denying consolidation because "adding another patent to the plaintiff's claims will only increase the case's complexity and make it that much harder for a jury to come to a resolution.")

## VI. CONCLUSION

Spherix requests that the Court decide its motion to dismiss before ruling on this motion to consolidate, and because this Court never had subject-matter jurisdiction over Cisco's counterclaims, it should dismiss those counterclaims. But if this Court decides that the subject-matter jurisdiction exists, it still should not consolidate the two actions because Cisco's contract counterclaims over the Frantz patents do not involve a common question of law or fact with Spherix's patent-infringement claims over unrelated patents, and joining them in a single action would not serve the interests of judicial economy or efficiency, but would confuse the jury. Cisco's motion for consolidation of the two actions should be denied.

Dated: March 23, 2015

Respectfully Submitted:

By: _____
Joseph J. Bellew (#4816)
*Attorney for Counterclaim Defendant,*
Spherix Incorporated
Cozen O'Connor
1201 North Market Street Suite 1001
Wilmington, DE 19801
Telephone: 302.295.2025
Facsimile: 302.250.4356
Email: jbellew@cozen.com


Walter E. Hanley, Jr
John R. Kenny
Lewis V. Popovski
Mark A. Hannemann
*Attorneys for Counterclaim Defendant,*
Spherix Incorporated
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Telephone: 212.425.7200
Facsimile: 212.425.5288
Email: WHanley@kenyon.com
Email: JKenny@kenyon.com
Email: LPopovski@Kenyon.com
Email: MHannemann@kenyon.com

8