# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPHERIX INCORPORATED, and<br>NNPT, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CISCO SYTEMS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civ. No. 14-393-SLR

## MEMORANDUM ORDER

At Wilmington this 30th day of March, 2015, having reviewed defendant's motion

to dismiss plaintiffs' claims of willful patent infringement and induced patent

infringement, and the papers filed in connection therewith;

IT IS ORDERED that defendant's motion to dismiss plaintiffs' claims of willful

patent infringement and induced patent infringement (D.I. 17) is granted, for the reasons

that follow:

1. **Background.** On March 28, 2014, plaintiff Spherix Incorporated ("Spherix")

filed the instant action against defendant Cisco Systems Inc. ("defendant") alleging

infringement of eleven United States Patents ("the patents-in-suit").[1]  (D.I. 1) On June

9, 2014, defendant moved to dismiss several of the direct, indirect, and willful

infringement claims.  (D.I. 11) On June 26, 2014, the parties stipulated that Spherix

---

[1] United States Patent Nos. RE40467 ("the RE467 patent"); 6,697,325 ("the '325
patent"); 6,578,086 ("the '086 patent"); 6,222,848 ("the '848 patent"); 6,130,877 ("the
'877 patent"); 5,970,125 ("the '125 patent"); 6,807,174 ("the '174 patent"); 7,397,763
("the '763 patent"); 7,664,123 ("the '123 patent"); 7,385,998 ("the '998 patent"); and
8,607,323 ("the '323 patent").

would file an amended complaint.[2] (D.I. 14, so ordered, June 27, 2014) On July 8,
2014, Spherix filed an amended complaint, adding plaintiff NNPT, LLC (collectively with
Spherix, "plaintiffs"), and maintaining its claim for willful infringement. (D.I. 15) The
court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Standard.** A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests
the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S.
544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must
contain "a short and plain statement of the claim showing that the pleader is entitled to
relief, in order to give the defendant fair notice of what the . . . claim is and the grounds
upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted)
(interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in
*Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-
part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son,
Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210
(3d Cir. 2009). First, a court should separate the factual and legal elements of a claim,
accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-
11. Second, a court should determine whether the remaining well-pled facts sufficiently
show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556
U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual
allegations in the complaint as true, and view them in the light most favorable to the
plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536

_____

[2] Which would not include "claims of indirect infringement under 35 U.S.C. § 271(b) or
(c) . . . ." (D.I. 14)

2

U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).
In this regard, a court may consider the pleadings, public record, orders, exhibits
attached to the complaint, and documents incorporated into the complaint by reference.
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin,
Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

3. The court's determination is not whether the non-moving party "will ultimately
prevail" but whether that party is "entitled to offer evidence to support the claims."
*United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir.
2011). This "does not impose a probability requirement at the pleading stage," but
instead "simply calls for enough facts to raise a reasonable expectation that discovery
will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting
*Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the
court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

4. **Analysis.** The Federal Circuit has set forth a two-pronged standard for
establishing willful infringement, an objective prong and a subjective prong. With
respect to the former,

> a patentee must show by clear and convincing evidence that the infringer
> acted despite an objectively high likelihood that its actions constituted
> infringement of a valid patent. The state of mind of the accused infringer
> is not relevant to this objective inquiry.

*In re Seagate Technology LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (internal citations
omitted). If the objective prong is satisfied, the patentee must next establish that "this
objectively-defined risk (determined by the record developed in the infringement
proceeding) was either known or so obvious that it should have been known to the
accused infringer." *Id.* This subjective prong hinges on the fact finder's assessments of

3

the credibility of witnesses. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). "The drawing of inferences, particularly in respect of an intent-implicating question such as willfulness, is peculiarly within the province of the fact finder that observed the witnesses." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citation omitted).

5. At the pleading stage, a plaintiff alleging a cause of action for willful infringement must "plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.*, 2012 WL 1134318, at *2-3 (D. Del. Mar. 28, 2012) (internal quotations omitted). Although "actual knowledge of infringement or the infringement risk" need not be pled, the complaint "must adequately allege 'factual circumstances in which the patents-in-suit [are] called to the attention' of the defendants." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).

6. The amended complaint states that defendant had knowledge of eight of the patents-in-suit — the RE467 patent, the '877 patent, the '125 patent, the '174 patent, the '763 patent, the '123 patent, the '998 patent, and the '323 patent — from the date of "the Nortel patent auction," as each of these patents were part of the patent portfolio for sale.[3] (D.I. 15 at ¶¶ 33-34, 55-56, 60-61, 65-66, 70-71, 75-76, 80-81, 85-86) The patent portfolio contained more than 6,000 patents and defendant bid in the auction.

---

[3] The '323 patent was filed on April 11, 2012, over a year after the Nortel auction, and issued December 10, 2013. As the '323 patent did not exist at the time of the Nortel auction (the application was part of the portfolio), defendant cannot be held to have knowledge thereof. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it.").

4

(D.I. 15 at ¶¶ 8, 17; D.I. 18 at 9) Plaintiffs argue that defendant "knew of some of the [patents-in-suit] from the prosecution of its own patent applications and tried to purchase the remainder . . . at an auction." (D.I. 20 at 7) The court declines to infer knowledge of specific patents from defendant's participation in a bidding process on a portfolio containing over 6,000 patents. *See LG Display Co. v. AU Optronics Corp.*, 722 F. Supp. 2d 466, 471 (D. Del. 2010) (Following a bench trial, the court found that "LGD was not the purchaser of these patents, and the evidence is unclear as to the extent of LGD's interest and involvement in the potential purchase."). Moreover, the complaint contains no facts establishing "objective recklessness of the infringement risk." *See e.g., Courtesy Products, L.L.C. v. Hamilton Beach Brands, Inc.*, Civ. No. 13-2012-SLR, 2014 WL 5780877, at \*5 (D. Del. Nov. 5, 2014) (citation omitted).

7. **Conclusion.** For the aforementioned reasons, defendant's motion to dismiss the allegations of willfulness (D.I. 17) is granted.[4]

Sue L. Robinson

United States District Judge

---

[4] Plaintiffs state that the inclusion of the indirect infringement claim was the result of a clerical error. (D.I. 20 at 1 n.1) Therefore, defendant's motion to dismiss is granted in this regard.